UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff | ) ) ) | CIVIL ACTION NO.: |
| v. | ) ) ) | JUDGE |
| $14,381.00 in U.S. Currency Defendant *In Rem* | ) ) | MAGISTRATE JUDGE |

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

NOW INTO COURT comes the UNITED STATES OF AMERICA (the "Government") by and through the United States Attorney for the Western District of Louisiana and the undersigned Assistant United States Attorney, who brings this Complaint for Forfeiture *in rem* for the reasons set forth hereafter:

## NATURE OF THE ACTION

1. This is an *in rem* civil forfeiture action brought by the United States of America to forfeit to the United States $14,381 in U.S. Currency seized from a vehicle driven by Paul Williams at 2205 Hollywood Drive in Shreveport, Louisiana during a federal surveillance operation conducted on March 4, 2021. The defendant property consists of or is derived from proceeds obtained by Williams directly or indirectly as the result of violations of 21 U.S.C. §§ 841(a) and 846 and, thus is subject to forfeiture to the United States pursuant to 21 U.S.C. §881(a)(6).

## JURISDICTION AND VENUE

2. The Court has original jurisdiction over this proceeding pursuant to 28 U.S.C. §1345 as the United States of America is commencing this action.

3. This Court has *in rem* jurisdiction and venue over this forfeiture action, pursuant to 28 U.S.C. § 1355(b)(1)(A), as the acts giving rise to the forfeiture occurred in the Western District of Louisiana.

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the Government's claims occurred in the Western District of Louisiana.

5. Venue is also proper before this Court pursuant to 28 U.S.C. § 1395(b), as the defendant *in rem* were found and seized in the Western District of Louisiana.

## DEFENDANTS *IN REM*

6. The Defendant *in rem* of this action consists $14,381 in U.S. Currency (the "Defendant Property").

7. The Defendant Property remains in the custody of Federal Bureau of Investigation ("FBI").

## FACTS

8. On March 4, 2021, the Defendant Property was seized from a vehicle driven by Paul Williams, social security number ending in -6905, ("Williams"), at 2205 Hollywood Drive in Shreveport, Louisiana during the execution of a federal surveillance operation and a seizure on March 4, 2021 by the Northwest Louisiana Violent Crimes Task Force (including FBI special agents).

9. During the surveillance operation and seizure on March 4, 2021, federal officers seized the following evidence from Williams:

    a) 1157.65 grams of methamphetamine,

    b) 180.16 grams of marijuana,

    c) two cell phones,

    d) a Taurus G2C, Serial Number: TMT05403,

    e) two magazines (one 12 round and one 30 round),

    f) thirty rounds of 9mm ammunition, and

    g) U.S. currency (which comprises the Defendant Property in the instant complaint).

10. In the weeks leading up to the surveillance and seizure on March 4, 2021, the task force was investigating Williams for distribution of methamphetamine in the Shreveport-Bossier area. During the course of that investigation:

    a) the task force, with the help of a cooperating individual ("CI), conducted a "controlled purchase" of 84.46 grams of methamphetamine from Williams out of his vehicle while at the CVS at the intersection of Hearne Avenue and Hollywood Avenue in Shreveport on February 10, 2021;

    b) during the February 10, 2021 controlled purchase, the CI informed the task force officers that Williams had multiple bricks of methamphetamine in the vehicle and that the CI can usually purchase about ¼ a pound of methamphetamine a day from Williams;

    c) on February 12, 2021, the task force and the CI conducted another controlled purchase of methamphetamine from Williams out of a residence located at 208 East Rutherford Street, where the CI's communications with Williams verified he was present;

d) during the February 12, 2021 controlled purchase, Williams sold 118.16 grams of methamphetamine to the CI and told the CI that he wanted to see the source grow into a large scale provider;

e) on March 4, 2021, the task force was conducting continued surveillance of Williams in furtherance of this investigation and ultimately searched his vehicle where the Defendant Property and other items listed above were seized from a 2003 Gray Chevrolet Suburban (VIN: 3GNEC16Z63G305082) driven by Williams.

11. After seizing the Defendant Property from Williams' vehicle on March 4, 2021, the FBI began an administrative forfeiture of the Defendant Property by on April 22, 2021 by sending direct Notice of the forfeiture to Williams at his last known address of 521 Yarborough Street in Bossier City. However, the FBI was unable to confirm that notice of the administrative forfeiture was received by Williams.

12. The FBI also published notice of the administrative forfeiture of the Defendant Property via the internet, April 30, 2021 through May 29, 2021.

13. On November 5, 2021 and December 21, 2021, the FBI again attempted to send direct notice to Williams at 521 Yarborough Street in Bossier City but was unable to confirm receipt either time.

14. On December 21, 2021, the FBI also sent notice to Williams at two other known addresses: 3070 E. Texas Street, Unit 210 in Bossier City and 126 Wallace Lake Road in Frierson but was unable to confirm receipt at either address.

15. On July 31, 2023, the FBI attempted to send direct notice to Williams at two additional addresses: 416 W. Mary Lee Street in Plain Dealing and 208 E. Rutherford Street in Shreveport but was again unable to confirm receipt at either address.

16. Finally, the FBI was able to successfully send direct notice of the administrative forfeiture to Williams on February 15, 2024 at Federal Correctional Institute in Pollock, Louisiana where Williams is currently incarcerated as Inmate #96629-509.

17. On March 11, 2024, Williams filed a claim for the Defendant Property in the administrative forfeiture proceeding initiated by the FBI.

18. The Defendant Property remains in the custody of the Government.

## VIOLATION OF 21 U.S.C. § 841(a)(1) and 846

19. Pursuant to 21 U.S.C. § 841(a)(1) it is unlawful for any person knowing or intentionally to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance or to create, distribute, or dispense, or possess with intent to distribute or dispense, a counterfeit substance.

20. Pursuant to 21 U.S.C. § 846, any person who attempts or conspires to commit any offense defined in [Title 21, Chapter 13, Subchapter I] shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

## CLAIM FOR RELIEF

21. Based upon the foregoing facts and the applicable law, the Defendant Property is forfeitable to the United States pursuant to 21 U.S.C. §881(1)(6) as: "[a]ll moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person

in exchange for a controlled substance or listed chemical in violation of this subchapter [Title 21, Chapter 13, Subchapter I], all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter".

22.     This action is required to be brought in the United States District Court pursuant to 18 U.S.C. § 983(a)(3) because Williams filed a claim of ownership in the administrative forfeiture proceeding and the forfeiture must now be adjudicated.

## CONCLUSION AND RELIEF

Plaintiff, the United States of America, requests that a warrant be issued for the arrest and continued seizure of the Defendant Property; that due notice be given to all interested persons to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the Defendant Property be condemned and forfeited to the United States for disposition according to law; and that the United States be granted such other further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated: June 10, 2024

Respectfully submitted,

BRANDON B. BROWN
United States Attorney

*s/ Shannon T. Brown*
SHANNON T. BROWN (La. Bar 32366)
Assistant United States Attorney
300 Fannin St., Suite 3201
Shreveport, Louisiana 71101
(318) 676-3600
shannon.brown@usdoj.gov

## VERIFICATION

I, Katlyn Stinson, state that I am a Special Agent of the Federal Bureau of Investigation ("FBI") in Shreveport, Louisiana. I have read the foregoing Complaint for Forfeiture and declare under penalty of perjury that the facts contained therein are true and correct based upon knowledge possessed by me or upon information received from other law enforcement agents.

Katlyn Stinson, Special Agent
Federal Bureau of Investigation

Dated: June 10, 2024